# Apostille

(Convention de La Haye du 5 Octobre 1961)

1. Country: **United States of America**

   This public document

2. has been signed by **Norman Goodman**

3. acting in the capacity of **County Clerk**

4. bears the seal/stamp of the county of **New York**

# Certified

5. At New York, New York      6. the 07th day of June 2007

7. by Special Deputy Secretary of State, State of New York

8. No. NYC-10263634B

9. Seal/Stamp        10. Signature

_James Bizzarri_ (signature)

James Bizzarri
Special Deputy Secretary of State

04135595.RSL ( REV: 2/6/96)

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of June 2, 2007 by and between Benucci, S.R.L. ("Benucci") and Salander O'Reilly Galleries, LLC ("Salander") (collectively, the "Parties").

WHEREAS, Benucci sold to Salander several works of art pursuant to a series of agreements (the "Sales Agreements") for a total purchase price of US$ 9,023,000.00;

WHEREAS, Salander still owes Benucci US$ 4,901,100 under the terms of the Sales Agreements;

WHEREAS, Salander has consigned certain works of art belonging to Salander, some of which are listed in Attachment B hereto, to Benucci;

WHEREAS, Benucci claims that Salander has defaulted on its payment obligations and Benucci has therefore obtained an ex parte order of attachment against Salander's property and assets located in Italy from the Tribunal of Rome (the "Attachment"); and

WHEREAS, Pursuant to the Attachment, certain works of art belonging to Salander, including those listed in Attachments A and B hereto, have been attached;

NOW THEREFORE, subject to the conditions set forth herein, the parties hereto agree as follows:

1.  Salander hereby transfers to Benucci all ownership interest in, with good and clear title, the works of art listed in Attachment A hereto. Salander represents and warrants that it possesses good and clear title to the works of art and that it has not heretofore assigned,

transferred, or subrogated, or purported to assign, transfer, or subrogate any of its rights in the works of art listed in Attachment A hereto.

2. Salander hereby transfers to Benucci all ownership interest in, with good and clear title, the works of art listed in Attachment B hereto. Salander represents and warrants that it possesses good and clear title to the works of art and that it has not heretofore assigned, transferred, or subrogated, or purported to assign, transfer, or subrogate any of its rights in the works of art listed in attachment B hereto.

3. Salander hereby transfers to Benucci all ownership interest in, with good and clear title, the works of art listed in Attachment C hereto. Salander represents and warrants that it possesses good and clear title to the works of art and that it has not heretofore assigned, transferred, or subrogated, or purported to assign, transfer, or subrogate any of its rights in the works of art listed in attachment C hereto. Salander shall transfer such works of art to Benucci by June 15, 2007.

4. Salander hereby transfers to Benucci all ownership interest in, with good and clear title, the works of art listed on Attachment D hereto. Salander represents and warrants that it possesses good and clear title to the works of art and that it has not heretofore assigned, transferred, or subrogated, or purported to assign, transfer, or subrogate any of its rights in the works of art listed on attachment D hereto.

5. Benucci shall return to Salander the work of art by Henri Matisse titled *Still Life with Tahitian Hat*, previously consigned to Benucci by Salander.

6. Benucci hereby consigns the works of art listed on Attachment D hereto to Salander for sale on behalf of Benucci until December 1, 2007, after which date Salander shall return the works of art to Benucci. Salander shall not sell any of the works of art for less than the reserve price listed on Attachment D hereto. The first US $2,049,700.00 (Two million, forty nine thousand, seven hundred dollars) of the proceeds of the sale of the consigned works of art listed on Attachment D hereto shall be transferred to Benucci. Any proceeds in excess of $2,049,700.00 shall be retained by Salander.

7. Salander hereby consigns the work of art listed on Attachment E hereto to Benucci for sale on behalf of Salander until December 1, 2007, after which date Benucci shall return the work of art to Salander. Salander shall transfer such work of art to Benucci by June 15, 2007. Benucci shall not sell the work of art for less than the reserve price listed on Attachment E hereto. Any sale below the reserve price must be approved and agreed to by Benucci. Any proceeds in excess of the reserve price shall be retained by Benucci.

8. In the event that Salander sells any or all of the works of art consigned by Benucci to Salander, listed on Attachment D hereto, but fails to pay the proceeds to Benucci as required by Paragraph 6 above, good and clear title to the work of art listed on Attachment E hereto shall immediately and automatically transfer to Benucci as liquidated damages.

9. Salander shall be responsible for and shall pay any and all transportation costs, including, without limitation, insurance costs, related to the transfer and movement of any and all of the works of art referred to above, including Paragraphs 1, 3, 5, 6, and 7.

10. Upon receipt of the works of art listed on Attachments A, C and E hereto, Benucci shall thereafter promptly take all steps necessary to lift the Attachment.

11. Simultaneous with execution of this agreement, the Parties shall execute mutual releases (the "Releases') in the same form as Attachments F and G hereto. The Releases shall be held in escrow by Proskauer Rose LLP until, and shall take effect upon receipt by Benucci of the works of art listed on Attachments A, C and E hereto.

12. This Agreement, including Attachments and the Releases, contains the entire agreement and understanding concerning the Sales Agreements and supersedes and replaces any prior negotiations or agreements between the Parties to this Agreement, or any of them, whether written or oral, except as expressly provided herein.

13. None of the Parties to this Agreement shall be deemed to be the author of this Agreement or any specific term, provisions or condition hereof. Any ambiguities shall be resolved, and the terms, provisions, and conditions of this Agreement shall be construed and interpreted, without regard to which party may have suggested, drafted, revised or otherwise authored this Agreement or any of its specific terms, provisions or conditions, and this Agreement shall be construed and interpreted as if drafted jointly by all of the Parties hereto.

14. This Agreement may not be changed, altered or modified except in writing signed by all of the Parties to this Agreement.

15. Each individual executing this Agreement on behalf of the Parties to this Agreement hereby represents and warrants that he or she has been duly authorized to execute this Agreement.

TO BE USED IN ITALY

16. The Parties acknowledge that they have carefully read this Agreement, know and understand the contents and effect thereof, and sign the same by their own free will and that they have had the opportunity to be advised by counsel regarding the terms, conditions, and provisions of this Agreement, and either have been so advised or have chosen not to seek such advice.

June 2, 2007

Benucci, S.R.L.
By: _____
Title: _____

June 2, 2007

Salander O'Reilly Galleries, LLC
By: _____
Title: _____

569916    Form 1

State of New York,
County of New York, } ss.:

I, NORMAN GOODMAN, County Clerk and Clerk of the Supreme Court of the State of New York, in and for the County of New York, a Court of Record, having by law a seal,

DO HEREBY CERTIFY pursuant to the Executive Law of the State of New York, that _Conor Malinowski_ whose name is subscribed to the annexed affidavit, deposition, certificate of acknowledgment or proof, was at the time of taking the same a NOTARY PUBLIC in and for the State of New York duly commissioned, sworn and qualified to act as such; that pursuant to law, a commission or a certificate of his official character, with his autograph signature has been filed in my office; that at the time of taking such proof, acknowledgment or oath, he was duly authorized to take the same; that I am well acquainted with the handwriting of such NOTARY PUBLIC or have compared the signature on the annexed instrument with his autograph signature deposited in my office, and I believe that such signature is genuine.

IN WITNESS WHEREOF, I have hereunto set my hand affixed my official seal this

JUN 0 5 2007

FEE PAID $3.00

County Clerk and Clerk of the Supreme Court, New York County

NO. 02MA6120627
Qualified in New York County
Commission Expires Dec. 27, 2008

5

05-OTT-2007 17:27  DA :STUDIO AVV. ZAPPALA' 00390642010873      A :+39 0276009076      P.3/4
00390642010873

TO BE USED IN ITALY

16. The Parties acknowledge that they have carefully read this Agreement, know and understand the contents and effect thereof, and sign the same by their own free will and that they have had the opportunity to be advised by counsel regarding the terms, conditions, and provisions of this Agreement, and either have been so advised or have chosen not to seek such advice.

June 2, 2007

Benucci, S.R.L.
By: [signature]
Title:

June 2, 2007

Salander O'Reilly Galleries, LLC
By: [signature]
Title: [signature]

Sworn to before me this 2nd day of June 2007
in New York, New York, USA.

[signature]
Conor Malinowski
Notary Public

CONOR MALINOWSKI
Notary Public, State of New York
No. 02MA6120827
Qualified in New York County
Commission Expires Dec. 27, 2008

5

OMISSIS

## ATTACHMENT B

| REG | ARTIST | TITLE |
|---|---|---|
| 23276 | Anonymous | Florence |
| 21273 | George McNeil | Astor Place |
| 21280 | George McNeil | Black Line Cloud |
| 21286 | George McNeil | Bosra |
| 20675 | Giorgio Cavallon | Untitled |
| 23693 | Giorgio Cavallon | Between the Blues |
| 23754 | Giorgio Cavallon | Untitled |
| 24052 | Kikuo Saito | Roman Gray |
| 24053 | Kikuo Saito | Blue Window |
| 25181 | Kikuo Saito | Sugar Moon |
| 25182 | Kikuo Saito | Copper Tree |
| 25183 | Kikuo Saito | Black Alphabet |
| 24054 | Michael Mulhern | Overcoat 76 |
| 24055 | Michael Mulhern | Overcoat 133 |
| 5466 | Michael Steiner | Fire and Iron |
| 21753 | Michael Steiner | Bones and Dust |
| 21830 | Michael Steiner | 9-Aug-03 |
| 24056 | Michael Steiner | The Fan II |
| 13297 | Pablo Picasso | Untitled (Woman Sitting) |
| 16960 | Paul Resika | Vessels # 23 |
| 17616 | Paul Resika | Black, Green, White and Blue |
| 17725 | Paul Resika | Flat Boats |
| 17736 | Paul Resika | Sun Sails |
| 21312 | Paul Resika | Blue Creation |
| 22191 | Paul Resika | Black Vessel and Moon |
| 23512 | Paul Resika | Light of Water |
| 24036 | Paul Resika | Green Night |
| 24037 | Paul Resika | Black and Grey Harlequin |
| 24038 | Paul Resika | For Remo |
| 24039 | Paul Resika | Branch, Moon and Sail |
| 24040 | Paul Resika | Moon Triangles |
| 24041 | Paul Resika | Pine Branch, Moon, Sail |
| 24042 | Paul Resika | Black Branch, Sail |
| 24043 | Paul Resika | Branch, Moon |
| 25178 | Paul Resika | Blue Creation II |
| 25179 | Paul Resika | Yellow Creation |
| 25180 | Paul Resika | Blue Carp |
| 27085 | Philip Guston | Untitled |
| 7583 | Robert de Niro, Sr. | Girl in Red |
| 8786 | Robert De Niro, Sr. | Seated Nude |
| 8788 | Robert De Niro, Sr. | Two Figures |
| 8797 | Robert De Niro, Sr. | Mother and Child |
| 8800 | Robert De Niro, Sr. | Seated Nude |
| 8802 | Robert De Niro, Sr. | Guitar Case |
| 8803 | Robert De Niro, Sr. | Interior with Guitar Case |

cont.

## ATTACHMENT B

| 8862 | Robert De Niro, Sr. | Still Life |
|---|---|---|
| 8978 | Robert De Niro, Sr. | Seated Figure with White Shirt and Still Life |
| 9925 | Robert De Niro, Sr. | Three Figures |
| 10524 | Robert De Niro, Sr. | Nudes on a Yellow Background |
| 18212 | Robert de Niro, Sr. | Nude Leaning on Back of Chair |
| 24059 | Steven Harvey | Untitled (From Contact) |
| 24060 | Steven Harvey | Blue Walking Figure |
| 26522 | Suzanne Valadon | Bouquet of Flowers |
| | | |