William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York  10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL RESIKA, MICHAEL STEINER, GIORGIO
CAVALLON FAMILY LIMITED PARTNERSHIP,
DOLORES T. HILDING, GEORGE MCNEIL
CHARITABLE TRUST, and HELEN MCNEIL,

                                       Plaintiffs,

                - against -

BENUCCI S.r.l.,

                                       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ECF
07 Civ. 9668 (SHS)

# DEFENDANT BENUCCI'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FRAUDULENT CONVEYANCE CLAIMS

Dated: New York, New York
       March 7, 2008

                                       LAW OFFICE OF WILLIAM COUDERT RAND

                                       William Coudert Rand, Esq.
                                       711 Third Avenue, Suite 1505
                                       New York, New York 10017
                                       Tel: (212) 286-1425
                                       Attorney for Defendant Benucci S.R.L.

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT……………………...……………………… 1

ALLEGATIONS OF COMPLAINT…………………………………………….. 2

ARGUMENT………………............………………………………………….. 3

I.     RULE 9(b) REQUIRES THAT FRAUDULENT CONVEYANCE CLAIMS UNDER SECTION 276 OF THE NEW YORK DEBTOR-CREDITOR LAW BE PLED WITH PARTICULARITY……………………………………… 3

II.    PLAINTIFFS HAVE FAILED TO PLEAD SPECIFIC FACTS CONSTITUTING A CLAIM FOR FRAUDULENT CONVEYANCE......……... 5

    A.    Elements of a Claim under Section 276 of the Debtor Creditor Law…… 5

    B.    The Complaint is Conclusury and Fails to Plead Facts Indicating that Benucci Did Not Pay Fair Value for Plaintiffs' Artworks and Intended to Defraud Salander's Creditors ……………………………………….5

    C.    The Complaint Fails to Plead Facts Indicating that Benucci Was Intentionally Attempting to Hinder or Delay Creditors…………………..9

    D.    The Complaint Fails to Plead with Particularity Because it is Pled "On Information and Belief"………………………………………………..9

CONCLUSION…………………………………………………………………..11

TABLE OF AUTHORITIES

CASES                                                                                           Page

*Acito v. Imcera Group, Inc.*,
    47 F.3d 47, 51 (2d Cir. 1995)…...…………………………………………… 4-5

*Atlanta Shipping Corp., Inc. v. Chemical Bank*,
    818 F. 2d 240, 251 (2d Cir. 1987)………………………………………………2

*Atlanta Shipping Corp., Inc. v. Chemical Bank*,
    631 F. supp. 335, 348 (S.D..N.Y. 1986), *aff'd*, 818 F. 2d 240, 346
    (2d Cir. 1987)……………………………………………………………………7, 9

*Campaniello Imports, Ltd. v. Saporiti Italia,*
    117 F.3d 655 (2d Cir. 1997)……..…………………………………………… 5

*Decker v. Massey-Ferguson, Ltd.*,
    681 F.2d 111, 114 (2d Cir. 1982).…………………………………………..3

*Irving Trust Co. v. Kaminsky*,
    19 F. Supp. 816 (S.D.N.Y. 1937)..……………………………………………….6

*Shields v. Citytrust Bancorp, Inc.*,
    25 F.3d 1124, 1128 (2d cir. 1994).…………………………………………… 4,5

STATUTES

Fed. R. Civ. P. Rule 9(b)…………………………………………………… *passim*

Section 276 of the New York Debtor Creditor Law (fraudulent conveyance) .. *passim*

**PRELIMINARY STATEMENT**

Defendant Benucci S.R.L. ("Benucci"), by its attorneys, submits this memorandum of law in support of its motion to dismiss Plaintiffs' claims of fraudulent conveyance under Section 276 of the New York Debtor Creditor Law on the grounds that he claims fail to state a claim with the requisite particularity under Federal Rules of Civil Procedure 12(b)(6) and 9(b).

In this action, among other claims for relief, Plaintiffs seek to recover for the alleged fraudulent conveyance of Plaintiff's artworks by Salander O'Reilly Galleries ("Salander Galleries") to Defendant Benucci. The Complaint alleges no facts indicating that Benucci did not pay fair value for Plaintiffs' artworks and alleges no facts indicating that Benucci intentionally was attempting to hinder or delay creditors of Salander-O'Reilly Galleries, LLC ("Salander" or "Salander Galleries"). (A true copy of the Complaint is attached as Exh. A to the Declaration of William C. Rand.) Rather, Plaintiffs are frustrated by the fact that Salander Galleries filed for Chapter 11 Bankruptcy and frustrated by the fact that the sale of their artworks to Benucci occurred prior to the 90 day preference period, thereby preventing the transfers from being voided as preferences. Because Plaintiffs have no recourse against Salander Galleries which is protected by the Bankruptcy laws, Plaintiffs now improperly have made conclusory allegations of fraud against Benucci. These claims have no basis in fact and have not been pleaded with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Accordingly, these unfounded and conclusory claims for fraudulent conveyance should be dismissed.

## ALLEGATIONS OF THE COMPLAINT

The Complaint lists the Plaintiffs and their artworks ("Artworks" or "Subject Works")) (Complaint at ¶¶10-18) and then states that Plaintiffs transferred and consigned their Artworks to Salander O'Reilly Galleries ("Salander Galleries) and "entrusted" and "consigned" their Artworks to Salander Galleries for exhibition and sale, with the exception of Plaintiff Steiner who allegedly entrusted his artworks to Salander Galleries for exhibition purposes only. (Complaint at ¶¶19-21). The Complaint as a conclusory statement alleges that Defendant Benucci knew or should have known that Plaintiffs' Artworks were held by Salander Galleries on consignment and states that Benucci "would have believed or assumed that each and all of the Subject Works that it received were sent by or through Salander as an agent for the owners and were not owned by Lawrence Salander or Salander-O'Reilly Galleries." (Complaint ¶ 23).

The Complaint goes on to argue unconvincingly that because the Resika Artworks were received by Defendant Benucci in Rome for a one man show and because Resika himself went to Rome for the show, "it was totally clear to the Defendant that Plaintiff Resika was the owner of all of these artworks." With respect to Plaintiff Steiner's Artworks, the Complaint states that Defendant knew that Steiner's artworks were owned by Steiner and not Salander Galleries simply because the works included master castings and simply because Benucci representatives had visited Steiner in his studio in Connecticut in January 2005, years before the sales at issue. (Complaint ¶ 25) The complaint then falsely alleges without any basis that "upon information and belief, at all times prior to June 2007, Defendant had no reason or basis to know or believe that Salander had any ownership interest in any of the Subject Works." (Complaint ¶ 26)

2

Finally, the Complaint states that Salander Galleries had failed to pay monies it owed to Benucci and had bounced checks, and as a result Defendant Benucci had entered into a settlement agreement in which Plaintiffs' Artworks were transferred to Benucci as payment for the monies owed to Benucci by Salander Galleries. (Complaint ¶¶ 28-35). The Complaint without basis alleges that the settlement agreement was entered into "with actual intent to hinder, delay or defraud each and all of the Plaintiffs." (Complaint ¶¶ 52).

## ARGUMENT

## THE COMPLAINT FAILS TO STATE ITS FRAUDULENT CONVEYANCE CLAIM WITH SUFFICIENT PARTICULARITY

The Complaint fails to state its claim alleging a fraudulent conveyance with sufficient particularity and thus this claim should be dismissed.[1]

### I. RULE 9(b) REQUIRES THAT FRAUDULENT CONVEYANCE CLAIMS UNDER SECTION 276 OF THE NEW YORK DEBTOR CREDITOR LAW BE PLED WITH PARTICULARITY

Rule 9(b) of the Fed. R. Civ. P. provides that "in all averments of fraud . . . the circumstances constituting the fraud . . . shall be stated with particularity. Mere conclusory allegations that the defendants' conduct was fraudulent is not enough." *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 114 (2d Cir. 1982).

The law is clear that claims of fraudulent conveyance under Section 276 of the New York Debtor Creditor Law are required to be pled with particularity. *See Atlanta Shipping Corp., Inc. v. Chemical Bank*, 818 F. 2d 240, 251 (2d Cir. 1987) (affirming dismissal of Section 276 fraudulent conveyance claims). The Court stated:

---

[1] Defendant Benucci does not admit that New York law applies and reserves the right to argue that Italian law governs the rights to the property in dispute, given that the property at all relevant times was located in the country of Italy.

3

>   DCL § 276 provides: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors" (emphasis added).  Fed. R. Civ. P. 9(b) requires that avernments of fraud and mistake be pleaded with particularity.  Though DCL § 276 is triggered by an actual intent to hinder, delay or defraud, all three means of damaging creditors are within a general category that the statute categorizes as "fraudulent."  Judge Goettel therefore correctly ruled that allegations of violating DCL § 276 must plead the requisite mental state with particularity.  Atlanta's pleading was properly found to be deficient.

To satisfy Rule 9(b)'s pleading requirements, the complaint must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Acito v. Imcera Group, Inc.*, 47 F.3d 47, 51 (2d Cir. 1995).  Although Rule 9(b) states that "malice, intent, knowledge and other condition of mind of a person may be averred generally," the relaxation of the specificity requirement for scienter is not to be abused or "mistaken for license to base claims of fraud on speculation and conclusory allegations." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d cir. 1994) (citing *O'Brien*, 936 F.2d at 676); Acito, 47 F.3d at 52.  Accordingly, a plaintiff must allege facts that give rise to a strong inference of fraudulent intent. *See Acito*, 47 F.3d at 52; *Shields*, 25 F.3d at 1128.  In order to establish the requisite "strong inference" of fraud, the Second Circuit has stated that a plaintiff must either (a) allege facts showing that defendants had both motive and opportunity to commit fraud, or (b) allege facts which constitute strong circumstantial evidence of conscious misbehavior or recklessness. *Acito*, 47 F.3d at 52; *Shields*, 25 F.3d at 1128.

Rule 9(b) is designed to provide a defendant with sufficient and fair notice of the plaintiff's claim in order to enable the defendant to defend him or herself, protect a

4

defendant's reputation from the harm that can flow from unfounded accusations of fraud, and reduce the number of strike suits. *See Campaniello Imports, Ltd. v. Saporiti Italia,* 117 F.3d 655 (2d Cir. 1997).

Here it is paramount that Plaintiffs be required to plead their fraud claims with specificity to protect Defendant Benucci's reputation which is so important in the art business which is a close knit industry where trust is paramount.

## II.   PLAINTIFFS HABVE FAILED TO PLEAD SPECIFIC FACTS CONSTITUTING A CLAIM FOR FRAUDULENT CONVEYANCE

### A.   Elements of a Claim under Section 276 of the Debtor Creditor Law

Section 276 of the New York Debtor Creditor Law provides: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

### B.   The Complaint is Conclusory and Fails to Plead Facts Indicating that Benucci Did Not Pay Fair Value for Plaintiffs' Artworks and Intended to Defraud Salander's Creditors

The Complaint alleges numerous conclusory allegations indicating that Defendant Benucci entered into its settlement agreement with the intent to hinder, delay, or defraud either present or future creditors, but fails to plead any specific facts demonstrating that Benucci had any such intent. Benucci was owed money by Salander and entered into an agreement to be paid with artworks, which Salander specifically represented in writing that he owned. The Settlement Agreement attached as Exhibit A to the Complaint contains a representation by Salander that "Salander represents and warrants that it possesses good and clear title to the works of art" transferred to Benucci. See Exhibit A at Paragraphs 1-4. Such transactions are common in the art world where Galleries often

5

buy and sell artworks for their own account. In fact, Salander Galleries in its Chapter 11 filing stated in the Affidavit of Lawrence B. Salander:

> In the ordinary course of business, The Debtor [Salander] buys and sells works of art for its portfolios. The Debtor also sells works of art on consignment from other owners, or, in the case of contemporary art, often from artists.

*See* Declaration of Lawrence B. Salander dated November 5, 2007 at Paragraph 7, filed with Salander Galleries Bankruptcy Petition dated November 5, 2007, *In re Salander-O'Reilly Galleries LLC*, Case No. 07-30005 (CGM) attached to the declaration of William C. Rand as Exh. B. Thus, the Complaint fails to plead with particularity facts demonstrating that Defendant Benucci acted with fraudulent intent.

The complaint merely alleges that defendant Benucci released an antecedent debt based on Salander Galleries' failure to pay Benucci for artworks which Benucci had previously sold and delivered to Salander Galleries. The Complaint lacks any allegation that Defendant Benucci did not provide fair value for its purchase of the Plaintiffs' Artworks or was aware of any fact indicating that Salander Galleries did not have the right to transfer Plaintiff's Artworks to Benucci. *See Irving Trust Co. v. Kaminsky*, 19 F. Supp. 816 (S.D.N.Y. 1937). The *Irving Trust* court *staed:*

> A transfer in good faith to secure an antecedent debt, however, is declared to be a transfer for fair consideration, provided the amount of the debt is not disproportionately small to the value of the property transferred. . . .[A] transfer by an insolvent debtor to pay or to secure an antecedent debt has never been treated as a transfer to hinder, delay or defraud creditors, although it is self-evident that other creditors are necessarily hindered and delayed by such transfer. Such transfers are preferences and may be successfully assailed only under Section 60b of the Bankruptcy Act or under state legislation relative to preferences.")

Id. at 817 (citations omitted). Thus here, the Complaint fails to state a claim for fraudulent conveyance because it fails to allege that the Artworks were sold for less than

6

fair value. *See Atlanta Shipping Corp., Inc. v. Chemical Bank*, 631 F. Supp. 335, 348 (S.D..N.Y. 1986), *aff'd*, 818 F. 2d 240, 346 (2d Cir. 1987) (the "satisfaction of an antecedent debt has been duly recognized as fair consideration.  It necessarily follows that preferences are not bad unless invalidated by some law other than the Uniform Act. [referencing the New York debtor Creditor Law]").  In *Atlanta Shipping,* the creditor was a foreign shipping company which was alleging a fraudulent transfer against the debtor's bank which had received a transfer of assets in payment of an antecedent debt.   The court dismissed the fraudulent conveyance claims holding that the complaint did not meet the heightened standards of Rule 9(b) because it was conclusory and pled "on information and belief."  *Id.* at 347-48.

The Complaint without basis makes conclusory claims that Benucci knew that the Subject Artworks were not owned by Salander because Benucci should have "assumed' that Salander did not own the Artworks based on the fact that Salander was an art gallery which sold certain art on consignment.

For example, the complaint alleges:

> ¶23  Since Defendant was familiar with the normal method and means for doing business as an art Galleries, it ***would have believed or assumed*** that each and all of the Subject Works that it received were sent by or through Salander as an agent for the owners and were not owned by Lawrence Salander or Salander-O'Reilly Galleries. (emphasis added)

Such conclusory allegations do not satisfy the particularity requirement of Rule 9(b).

In addition, with regard to Plaintiff Resika, the Complaint attempts to indicate that Benucci knew that the Resika artwork was not owned by Salander simply (a) because Benucci representatives had visited Resika at his studio in January 20005, more than two years prior to settlement agreement transfer in dispute, and (b) because Resika had

7

personally appeared in Italy for an exhibition of his works. Neither of these facts demonstrates that Benucci had any knowledge that Salander did not have full rights to sell the Resika paintings.

With regard to Plaintiff Steiner, the Complaint alleges merely in the conditional tense that Benucci "understood that if master castings were entrusted, they would be used only for exhibition purposes." (Complaint ¶ 24) It then alleged: "Following discussions on limiting the number of works initially entrusted, Defendant asked for and received the two master castings and two additional works and it was clear to Defendant that all of these four Subject works were owned by Plaintiff Steiner." (Complaint ¶ 24) The pleadings do not say why or how it was clear but merely make the insufficient conclusory allegation.

The Complaint does not reference any specific conversation or any specific dates and does not specify the persons party to any conversations. *Acito v. Imcera Group, Inc.,* 47 F.3d 47, 51 (2d Cir. 1995). The Complaint does allege irrelevant and unlikely conversations occurring after the Settlement Agreement was executed, stating "Upon information and belief, at various times **after Defendant and Salander concocted and executed the so-called "Settlement Agreement,"** Defendant received communications from one of Plaintiffs and possibly from others which placed Defendant clearly on notice that Salander's representation and warranty of title was false." (Complaint ¶ 35) This allegation has no relevance to the *mens rea* of Benucci at the time that it executed the settlement Agreement. Nevertheless, Plaintiffs should be required to plead even these communications with specificity.

8

Defendant Benucci has a right to specific allegations specifying facts and conversations evidencing scienter. The complaint makes conclusory allegations and fails to plead facts showing any any actual intent to "defraud."

### C. Plaintiffs have Failed to Plead Facts Indicating that Benucci Was Intentionally Attempting to Hinder or Delay Creditors

Since, Defendant Benucci has not been alleged to have paid less than fair value for Plaintiffs' artworks, Plaintiff cannot plead actual intent to defraud. Plaintiffs also fail to plead any intent to "hinder or delay creditors." Salander Galleries in the Settlement Agreement specifically represented that it possessed good and clear title to the works of art transferred by the Agreement, and there is no fact alleged demonstrating that Benucci acted in any way to hinder creditors other than to act in good faith to obtain payment from Salander of the monies that Salander owed Benucci.

### D. The Complaint Fails to Plead with Particularity Because it is Pled "On Information and Belief"

Under Rule 9(b), allegations of fraud are not permitted to be pled "on information and belief" and such allegations are dismissed. *Atlanta Shipping Corp., Inc. v. Chemical Bank*, 631 F. Supp. 335, 348 (S.D..N.Y. 1986), *aff'd*, 818 F. 2d 240, 251 (2d Cir. 1987) (citing *Segal v. Gordan*, 467 F.2d 602, 608 (2d Cir. 1972)).

Here, the Complaint makes numerous allegations "on information and belief" which cause the pleading to fail under the heightened standard of Rule 9(b). The following paragraphs of the Complaint have been pled "on information and belief": Paragraphs 6, 23, 26, 27, 29, 30, 31, 33, 34, and 35. These paragraphs are critical to the fraudulent conveyance claim. For example, the Complaint States as follows:

9

¶23.   Upon information and belief, Defendant knew or should have known, that each and all of the Subject Works consigned to it by Salander were held or processed by Salander on consignment from others.  Since Defendant was familiar with the normal method and means for doing business as an art gallery, it would have believed or assumed that each and all of the Subject Works that it received were sent by or through Salander as an agent for the owners and were not owned by Lawrence Salander or Salander-O'Reilly Galleries.

¶27.   Upon information and belief, prior to June 2007, Defendant made no effort of any kind to ascertain anything about ownership of the Subject Works.

¶30.   Upon information and belief, in connection with the preparation of this document, counsel for Defendant took no steps to ascertain whether the representation and warranty that Salander possessed good and clear title to the Subject Works was a truthful representation. . . .

¶33.   Upon information and belief, Defendant and Salander, with the assistance of counsel, colluded to create a bogus document that Defendants could attempt to use to deprive Plaintiffs of their property.

¶35.   Upon information and belief, at various times **after Defendant and Salander concocted and executed the so-called "Settlement Agreement",** Defendant received communications from one of the Plaintiffs and possibly from others which placed Defendant clearly on notice that Salander's representation and warranty of title was false. [Irrelevant because after execution of agreement transferring Subject works]

Accordingly, the complaint should be dismissed because its claims for fraudulent

conveyance fail under Rule 9(b) because they are pled "upon information and belief."

**CONCLUSION**

  For the foregoing reasons, Defendant respectfully requests that its motion to dismiss be granted.

Dated: New York, New York
   March 7, 2008

           LAW OFFICE OF WILLIAM COUDERT RAND

           s/William C. Rand
           _____
           William Coudert Rand, Esq.
           711 Third Avenue, Suite 1505
           New York, New York 10017
           Tel: (212) 286-1425
           Attorney for Defendant Benucci S.R.L.