UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PAUL RESIKA, MICHAEL STEINER, GIORGIO
CAVALLON FAMILY LIMITED PARTNERSHIP,
DOLORES T. HILDING, GEORGE MCNEIL
CHARITABLE TRUST, and HELEN MCNEIL,

                             Plaintiffs,

            - against -

BENUCCI S.r.l.,

                            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF
07 Civ. 9668 (SHS)

**DECLARATION OF WILLIAM C. RAND, ESQ.**

# EXHIBIT B

Official Form 1 (4/07)

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Salander - O'Reilly Galleries, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc Sec /Complete EIN or other Tax ID No (if more than one, state all)<br>**13-3803733** | Last four digits of Soc Sec /Complete EIN or other Tax ID No (if more than one, state all) |

| Street Address of Debtor (No and Street, City, and State):<br>**22 East 71st Street<br>New York, NY** | ZIP Code<br>**10021** | Street Address of Joint Debtor (No and Street, City, and State): | ZIP Code |
|---|---|---|---|

| County of Residence or of the Principal Place of Business:<br>**New York** | County of Residence or of the Principal Place of Business: |
|---|---|
| Mailing Address of Debtor (if different from street address): ZIP Code | Mailing Address of Joint Debtor (if different from street address): ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form*<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below ) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U S C § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | ☐ Chapter 7<br>☐ Chapter 9<br>■ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13 ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
|  | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code) | Nature of Debts<br>(Check one box)<br>☐ Debts are primarily consumer debts, defined in 11 U S C § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose " ■ Debts are primarily business debts |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments Rule 1006(b) See Official Form 3A<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only) Must attach signed application for the court's consideration See Official Form 3B | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U S C § 101(51D)<br>■ Debtor is not a small business debtor as defined in 11 U S C § 101(51D)<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U S C § 1126(b) |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ■ Debtor estimates that funds will be available for distribution to unsecured creditors<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors | |

Estimated Number of Creditors

| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| ☐ $0 to<br>$10,000 | ☐ $10,001 to<br>$100,000 | ☐ $100,001 to<br>$1 million | ■ $1,000,001 to<br>$100 million | ☐ More than<br>$100 million |
|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to<br>$50,000 | ☐ $50,001 to<br>$100,000 | ☐ $100,001 to<br>$1 million | ■ $1,000,001 to<br>$100 million | ☐ More than<br>$100 million |
|---|---|---|---|---|

Official Form 1 (4/07)                                                                          FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Salander - O'Reilly Galleries, LLC** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**Lawrence Salander** | Case Number:<br>**07-36735** | Date Filed:<br>**11/02/07** |
| District:<br>**Southern District of New York** | Relationship:<br>**Sole member of Debtor** | Judge:<br>**Judge Cecilia Morris** |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e g , forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 )<br><br>☐ Exhibit A is attached and made a part of this petition | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts )<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U S C §342(b)<br><br>X _____<br>    Signature of Attorney for Debtor(s)       (Date) |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition<br>■ No |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D )<br>   ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition<br>If this is a joint petition:<br>   ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District<br><br>☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District |

| **Statement by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes) |
|---|
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence  (If box checked, complete the following )<br><br>       _____<br>       (Name of landlord that obtained judgment)<br><br><br>       _____<br>       (Address of landlord)<br><br>☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |

Official Form 1 (4/07)                                                                                          FORM B1, Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Salander - O'Reilly Galleries, LLC** |

<table>
<tr><td colspan="2" align="center">Signatures</td></tr>
<tr>
<td valign="top">

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b)

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition

**X** _____
    Signature of Debtor

**X** _____
    Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

</td>
<td valign="top">

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition

(Check only one box )
☐ I request relief in accordance with chapter 15 of title 11 United States Code Certified copies of the documents required by 11 U.S.C §1515 are attached

☐ Pursuant to 11 U.S.C §1511, I request relief in accordance with the chapter of title 11 specified in this petition A certified copy of the order granting recognition of the foreign main proceeding is attached

**X** _____

Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

</td>
</tr>
<tr>
<td valign="top">

**Signature of Attorney**

**X** /s/ Alan D. Halperin
    Signature of Attorney for Debtor(s)

    **Alan D. Halperin AH-8432**
    Printed Name of Attorney for Debtor(s)

    **Halperin Battaglia Raicht, LLP**
    Firm Name

    **555 Madison Avenue**
    **9th Floor**
    **New York, NY 10022**

    Address

    **(212) 765-9100  Fax: (212) 765-0964**
    Telephone Number

    **November  5, 2007**
    Date

</td>
<td valign="top" rowspan="2">

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section Official Form 19B is attached

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer )(Required by 11 U.S.C. § 110 )

_____
Address

**X** _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets to the appropriate official form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C §110. 18 U.S.C §156*

</td>
</tr>
<tr>
<td valign="top">

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition

**X** /s/ Lawrence B. Salander
    Signature of Authorized Individual

    **Lawrence B. Salander**
    Printed Name of Authorized Individual

    **Manager of the Sole Member**
    Title of Authorized Individual

    **November  5, 2007**
    Date

</td>
</tr>
</table>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re:

SALANDER-O'REILLY GALLERIES, LLC,

        Debtor.

Chapter 11
Case No.  07-30005 (CGM)

---------------------------------------------------------x

### INDEX OF DOCUMENTS FILED
### WITH CHAPTER 11 PETITION

Exhibit A:    Affidavit Under Local Bankruptcy Rule 1007-2

        Schedule 1:    List of Twenty Largest Unsecured Creditors
        Schedule 2:    List of Secured Creditors
        Schedule 3:    List of Pending Litigation

Exhibit B:    Resolution of Limited Liability Company

Exhibit C:    List of Equity Holders

Exhibit D:    Creditor Matrix

Exhibit E:    Corporate Ownership Statement

**Exhibit A**

Alan D. Halperin (AH-8432)
Robert D. Raicht (RR-2370)
Walter Benzija (WB-0909)
**HALPERIN BATTAGLIA RAICHT, LLP**
Proposed Counsel to the
 Debtor and Debtor-in-Possession
555 Madison Avenue - 9th Floor
New York, New York 10022
(212) 765-9100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:

SALANDER-O'REILLY GALLERIES LLC,

                            Debtor.

--------------------------------------------------------x

Chapter 11
Case No. 07-30005 (CGM)

## DECLARATION OF LAWRENCE B. SALANDER
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

     **LAWRENCE B. SALANDER**, pursuant to 28 U.S.C. § 1746, declares as follows:

     1.     I am the sole member and manager of Salander-O'Reilly Galleries LLC (the "Debtor"). This affidavit is submitted pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

     2.     I submit this Declaration as required by Local Rule 1007-2 and in support of the first-day motions and applications. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents (to the extent available), my opinions are based upon my knowledge of the Debtor's financial condition and the value of the Debtor's assets, and/or my

consultation with professional advisors. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

      3.      My conclusions as to the objectives to be achieved through this chapter 11 case are set forth at the end of this Declaration. As a result of my extensive first-hand experience, I have formed opinions as to the necessity of obtaining the relief sought by the "first-day" motions and applications filed concurrently with this chapter 11 petition. The prosecution of these papers is necessary for the reorganization and maximization of substantial assets and to enable this case to proceed effectively and efficiently. This case would be adversely affected if the relief sought therein is not granted.

**(a)  Description of the Debtor's business**

      4.      The Debtor is a privately held limited liability company organized and existing under the laws of the State of New York. I am the sole member and manager of the Debtor.[1]

      5.      The Debtor is the owner and operator of an art gallery in New York City. The gallery exhibits and manages fine art from Renaissance to contemporary and represents living artists and artists' estates. The Debtor has hosted more than 580 art shows, far surpassing the record by any other privately held gallery in the United States. The exhibitions included some of the most prestigious museum quality works of art valued into the millions of dollars. The Debtor has been entrusted with museum pieces, often displaying works at exhibitions to promote artists and the industry. A number of these shows were designed to educate the public concerning art and the elements and

---

[1]  Curtis Squire, Inc was a 50% member of the Debtor until its resignation on April 25, 2007 which became effective pursuant to section 4.3 of the Debtor's Operating Agreement on October 25, 2007.

quality thereof, and not for the direct sale of art work. In addition, the Debtor produces scholarly catalogues featuring insightful essays by established art historians and critics.

6.      The gallery is located at 22 East 71st Street, New York, New York 10021 (the "Premises"). The Premises are leased pursuant to a ten-year lease for 25,000 square feet, which lease appears to be under market and to have value.

7.      In the ordinary course of its business, the Debtor buys and sells works of art for its portfolios. The Debtor also sells works of art on consignment from other owners or, in the case of contemporary art, often from the artists. The paintings that the Debtor deals in are museum quality works of art and many are valued in the hundreds of thousands or millions of dollars. The Debtor purchases art for resale at auction and in private transactions with individuals or other galleries. It sells artworks through private transactions and art shows, to walk-in customers at the gallery and, on occasion, at auction. Its customers include individuals and institutional purchasers, including wealthy private collectors and well-known museums throughout the world.

8.      The Debtor's business model is premised, in part, on the belief that there is an undervalued market for Renaissance art due to the lack of recognition of the inherent value and importance of art from that period. Over the past several years, the Debtor has been able to acquire a significant number of works from this period of significant value.

9.      Historically, the Debtor's art operations have been supervised by me. I have been involved in the art industry as an artist, manager and gallery owner since the early 1970s. The Debtor also employed a staff of experienced art world professionals. The Debtor currently has approximately 5 employees.

10.    The Debtor obtained loans and other financial accommodations from First Republic Bank ("First Republic") evidenced by, among other things, a certain amended and restated credit agreement, dated April 14, 2006, as amended and modified from time to time (the "Loan Agreement"). The Loan Agreement provided the Debtor a revolving loan with a maximum borrowing base of $26,000,000 and a $1,500,000 term loan and a second term loan of $14,000,000. The Loan Agreement is secured by a first priority security interest in substantially all of the Debtor's assets, including owned artwork. The Debtor is currently in default under the Loan Agreement. First Republic has agreed to forbear from enforcing any of its substantive remedies upon default as provided in the Loan Agreement. In addition, First Republic has agreed to provide the Debtor with debtor-in-possession financing facility consisting of the use of cash collateral and a loan of up to $1,500,000 (the "DIP Facility").

11.    The Debtor is currently the subject of multiple lawsuits as discussed below. In one of the lawsuits pending in New York Supreme Court in the County of New York styled *Lennox v. Salander-O'Reilly Gallaries*, Index No. 602917/2007 before the Honorable Richard B. Lowe III (the "Lennox Action"), a preliminary injunction was issued which, among other things, enjoined the disposition of any artwork at the Premises and prohibited the Debtor and its agents from access to the Premises except upon order of the state court. As a result of the relief granted in the Lennox Action, the gallery was forced to close on or about October 19, 2007 and has not operated since that time.

12.    As an outgrowth of the Lennox Action, the Debtor's books and records were caused to be impounded with copies to be provided to the state court for

potential use of the parties in that litigation. The records impounded potentially include information and documents that may be confidential and/or subject to certain legal privileges. Moreover, without access to its records the Debtor has had to use its best efforts to compile the information necessary for its bankruptcy filing.

**(b)** **Reason for Commencement of the Chapter 11 Case and Proposed Course of Action**

13.     The Debtor's bankruptcy filing was precipitated by the continuing and mounting pressures of the various lawsuits facing the Debtor and in particular the deleterious effect of the preliminary injunction issued in the Lennox Action which forced the shutdown of the Debtor's operations. These disputes have interfered with the Debtor's efforts to operate its business and have damaged its reputation in the marketplace. The Debtor seeks the protection of the Bankruptcy Court to resolve these disputes, restore its stature in the industry and reorganize its business affairs.

14.     The Debtor plans to use the breathing space afforded to it by the bankruptcy filing to accomplish a number of goals that will ultimately inure to the benefit of its estate and all of its creditors. The Debtor has already taken steps to gain the trust of its creditors in this process. The Debtor has retained, subject to the Bankruptcy Court's approval, the turnaround firm of Triax Capital Advisors and has named its managing director, Joseph Sarachek, as its Chief Restructuring Officer (the "CRO"). Mr. Sarachek is an independent third party with substantial experience with companies in the art industry. Mr. Sarachek's firm employs a forensic accountant with art gallery experience. Neither Mr. Sarachek nor anyone at his firm has a prior affiliation or connection with the Debtor or anyone affiliated with the Debtor. Mr. Sarachek has assumed complete control

of all aspects of the Debtor's business and financial affairs, including unfettered authority to make all managerial and operational decisions on behalf of the Debtor.

15.     Among the first orders of business, the CRO shall undertake a comprehensive and detailed inventory of the Debtor's assets including artwork wherever located. The CRO will also undertake any and all actions reasonably necessary to assemble the Debtor's books and records to enable the Debtor to once again conduct its business. Among the issues raised in a number of the litigations concerns the nature and extent of ownership rights asserted in various pieces of artwork. Absent a resolution of these competing interests to the Debtor's primary and most valuable assets, its ability to continue to operate will be severely hampered. Thus, it is the CRO's mandate and intention to implement procedures necessary to efficiently address and resolve the competing ownership interests in the various pieces of artwork. Such procedures contemplate notice to the potential claimants, the establishment of deadlines for the assertion of competing claims, and the initiation of a claims resolution process before this Court.

16.     By implementing these procedures, the Debtor will be able to focus on its business and rehabilitation efforts while affording *all* parties a centralized forum for the resolution of these disputes in an efficient and cost-effective manner.

**(c)    Other Information about the Debtor**

17.     On November 1, 2007, an involuntary chapter 7 proceeding was commenced against the Debtor within this District.

18.     No committee of creditors has been formed in this case to date.

19.     As discussed above, prior to the petition date the Debtor's books and records were caused to be impounded and are currently being stored in a facility pursuant to order of the state court. Accordingly, the data provided herein is based upon the best information presently available and is subject to further review and modification (the "Reservation"). As a result, the Debtor is not at this time able to accurately report as to the current value of its assets and liabilities. Upon the Debtor regaining access to its books and records, which it hopes to accomplish in the coming weeks, whether voluntarily or by court order, the Debtor will either supplement this Declaration or through the filing of its Schedules of Assets and Liabilities report the value of its assets and liabilities as of the petition date.

20.     Subject to the Reservation, a list of the names, addresses, contact persons, and amount of claims (to the extent currently ascertainable) of the holders of the twenty (20) largest unsecured creditors of the Debtor, excluding insiders, is set forth on Schedule 1 hereto.

21.     Subject to the Reservation, a description of the five largest known holders of secured claims against the Debtor, including each such entity's name and address, and a brief description of the collateral securing such claim, is set forth on Schedule 2 hereto.

22.     The Debtor has no publicly traded securities.

23.     The Debtor leases its Premises from its landlord, RFR Realty. The Debtor is not a party to any other non-residential lease of real property.

24.     Subject to the Reservation, the Debtor's primary assets consist of its wholly-owned and partially-owned artwork, a 46% interest in an investment fund, known as Renaissance Art Investors, LLC ("RAI")[2], and its interest in the Lease.

25.     The Debtor's current books and records are located at a storage facility arranged for by the New York County District's Attorney. As noted above, the CRO intends to seek to obtain copies of the books and records in the District Attorney's possession and immediately undertake a comprehensive inventory of the Debtor's assets, including its artwork, wherever located. Subject to the Reservation, the Debtor does not believe that any assets of the estate are located outside the territorial limits of the United States.

26.     The actions pending against the Debtor or its property are listed on Schedule 3 hereto.

27.     I serve as Managing Member of the Debtor and have maintained this position since the inception of the company. I am the sole Member of the Debtor. However, as noted, subject to approval of the Bankruptcy Court, the CRO will be vested with the power and authority to conduct, oversee and manage the financial and business affairs of the Debtor in this Chapter 11 case.

28.     I am advised by the CRO that the estimated salaries for employees/consultants (exclusive of officers and members) of the Debtor for the thirty (30) day period following the commencement of the Chapter 11 case will total $16,250.

_____

[2] RAI was formed in 2006 to purchase and invest in works of art from the Renaissance Period.

29.    I am advised by the CRO that the estimated Debtor's salaries for the Debtor's members for the thirty (30) day period following the commencement of the Chapter 11 case will total $50,000.

30.    I am advised by the CRO that it is anticipated that for the thirty (30) day period following the filing date, the Debtor's operational expense requirements will be satisfied by the proposed financing facility in the amounts set forth in the weekly cash budget prepared by the CRO attached as on Exhibit B to the DIP Facility.

31.    It is believed that the protection of the Bankruptcy Court will enable it to maximize asset values for the benefit of the estate and creditors.

Dated: New York, New York
        November 5, 2007

                                        **SALANDER-O'REILLY GALLERIES**
                                        Debtor and Debtor-in-Possession

                                        By:    L. Salander LLC
                                        Its Managing Member


                                        By:    */s/ Lawrence B. Salander*
                                                Lawrence B. Salander
                                                Its: Manager


I, Lawrence B. Salander, the Manager of the Sole Member of Salander-O'Reilly Galleries LLC, certify under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

                                        */s/ Lawrence B. Salander*
                                        Lawrence B. Salander

Schedule 1

List of Holders of 20 Largest Unsecured Claims

Form 4
(10/05)

# United States Bankruptcy Court
## Southern District of New York

In re    Salander - O'Reilly Galleries, LLC              Case No    07-30005 (CGM)
                                Debtor(s)            Chapter    11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or chapter 9*] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| Carol F. Cohen<br>Two Swans Farm<br>13900 53rd Road South<br>Wellington, FL 33499 | Carol F. Cohen<br>Two Swans Farm<br>13900 53rd Road South<br>Wellington, FL 33499 | | Contingent<br>Unliquidated<br>Disputed | 4,607,900.00 |
| T. Kinney Frelinghuysen<br>c/o Shatzkin & Mayer PC<br>1776 Broadway, 21st Floor<br>New York, NY 10019 | T. Kinney Frelinghuysen<br>c/o Shatzkin & Mayer PC<br>1776 Broadway, 21st Floor<br>New York, NY 10019 | | Contingent<br>Unliquidated<br>Disputed | 3,145,000.00 |
| Earl Davis<br>c/o Flemming Zulack et al.<br>One Liberty Plaza<br>New York, NY 10006 | Earl Davis<br>c/o Flemming Zulack et al.<br>One Liberty Plaza<br>New York, NY 10006 | | Contingent<br>Unliquidated<br>Disputed | 2,900,000.00 |
| Deborah Pearlman<br>c/o Shtazkin & Mayer, PC<br>1776 Broadway - 21st Floor<br>New York, NY 10019 | Deborah Pearlman<br>c/o Shtazkin & Mayer, PC<br>1776 Broadway - 21st Floor<br>New York, NY 10019 | | Contingent<br>Unliquidated<br>Disputed | 1,200,000.00 |
| Nella Longari S.R.L.<br>c/o Wuersch & Gering LLP<br>100 Wall Street - 21st floor<br>New York, NY 10005 | Nella Longari S.R.L.<br>c/o Wuersch & Gering LLP<br>100 Wall Street - 21st floor<br>New York, NY 10005 | | Contingent<br>Unliquidated<br>Disputed | 1,100,000.00 |
| Girogio Cavallon Family LP<br>c/o John Coegel, Esq.<br>161 Ave of Americas<br>New York, NY 10013 | Girogio Cavallon Family LP<br>c/o John Coegel, Esq.<br>161 Ave of Americas<br>New York, NY 10013 | | Contingent<br>Unliquidated<br>Disputed | 960,000.00 |
| Joseph Sirulnick<br>c/o Vincent Syracuse, Esq.<br>900 Third Avenue<br>New York, NY 10022 | Joseph Sirulnick<br>c/o Vincent Syracuse, Esq.<br>900 Third Avenue<br>New York, NY 10022 | | Contingent<br>Unliquidated<br>Disputed | 750,000.00 |
| NYS Dept of Taxation &<br>Finance<br>Bankrutpcy Section<br>P.O. Box 5300<br>Albany, NY 12205 | NYS Dept of Taxation & Finance<br>Bankrutpcy Section<br>P.O. Box 5300<br>Albany, NY 12205 | | Contingent<br>Unliquidated<br>Disputed | 650,000.00 |
| Richard Ellenberg<br>1714 Upper Canyon Road<br>Santa Fe, NM 87501 | Richard Ellenberg<br>1714 Upper Canyon Road<br>Santa Fe, NM 87501 | | Contingent<br>Unliquidated<br>Disputed | 50,400.00 |

In re   Salander - O'Reilly Galleries, LLC _____    Case No   07-30005 (CGM) _____

                                             Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
## (Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt. bank loan. government contract, etc )* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured. also state value of security]* |
| **Andre Emmerich**<br>**30 E. 72nd Street**<br>**New York, NY 10021** | **Andre Emmerich**<br>**30 E. 72nd Street**<br>**New York, NY 10021** | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **Undetermined**<br><br>**(Undetermined secured)** |
| **Babcock Gallery**<br>**724 Fifth Avenue**<br>**New York, NY 10019** | **Babcock Gallery**<br>**724 Fifth Avenue**<br>**New York, NY 10019** | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **Undetermined** |
| **Beth Smith**<br>**c/o Shatzkin & Mayer PC**<br>**1776 Broadway, 21st Floor**<br>**New York, NY 10019** | **Beth Smith**<br>**c/o Shatzkin & Mayer PC**<br>**1776 Broadway, 21st Floor**<br>**New York, NY 10019** | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **Undetermined** |
| **CIT Comm. Finance Corp.**<br>**1 CIT Drive**<br>**Livingston, NJ 07039** | **CIT Comm. Finance Corp.**<br>**1 CIT Drive**<br>**Livingston, NJ 07039** | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **Undetermined**<br><br>**(Undetermined secured)** |
| **Citibank, N.A.**<br>**153 E. 53rd St.**<br>**New York, NY 10043** | **Citibank, N.A.**<br>**153 E. 53rd St.**<br>**New York, NY 10043** | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **Undetermined**<br><br>**(Undetermined secured)** |
| **Citicorp USA, Inc.**<br>**153 E. 53rd Street**<br>**New York, NY 10043** | **Citicorp USA, Inc.**<br>**153 E. 53rd Street**<br>**New York, NY 10043** | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **Undetermined**<br><br>**(Undetermined secured)** |
| **Clarion Capital Partners, LLC**<br>**110 E. 59th Street**<br>**Suite 2100**<br>**New York, NY 10022** | **Clarion Capital Partners, LLC**<br>**110 E. 59th Street**<br>**Suite 2100**<br>**New York, NY 10022** | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **Undetermined** |
| **Curtis Square Inc.**<br>**c/o Gregory P. Joseph, Esq.**<br>**485 Lexington Ave., 30th Fl**<br>**New York, NY 10017** | **Curtis Square Inc.**<br>**c/o Gregory P. Joseph, Esq.**<br>**485 Lexington Ave., 30th Fl**<br>**New York, NY 10017** | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **Undetermined** |
| **Dougall Arts Ltd.**<br>**20-22 Bedford Row**<br>**London, England WC1R 4JS** | **Dougall Arts Ltd.**<br>**20-22 Bedford Row**<br>**London, England WC1R 4JS** | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **Undetermined** |
| **Elaine A. Rosenberg**<br>**c/o Stempel Bennett et al.**<br>**675 Third Avenue**<br>**New York, NY 10017** | **Elaine A. Rosenberg**<br>**c/o Stempel Bennett et al.**<br>**675 Third Avenue**<br>**New York, NY 10017** | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **Undetermined** |
| **Ellyn Shander**<br>**c/o Shatzkin & Mayer PC**<br>**1776 Broadway, 21st Floor**<br>**New York, NY 10019** | **Ellyn Shander**<br>**c/o Shatzkin & Mayer PC**<br>**1776 Broadway, 21st Floor**<br>**New York, NY 10019** | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **Undetermined** |

\* The attached list of creditors was prepared from the best available information known to the Debtor as of the date the chapter 11 petition was filed. However, because the Debtor's books and records have been impounded, the list is subject to modification and supplementation after the Debtor regains access to such records.

In re    __Salander - O'Reilly Galleries, LLC_____    Case No.    __07-30005 (CGM)_____
Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Manager of the Sole Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.*

Date    __November 5, 2007_____    Signature    __/s/ Lawrence B. Salander_____

**Lawrence B. Salander**
**Manager of the Sole Member**

*Penalty for making a false statement or concealing property*: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

* The attached list of creditors was prepared from the best available information known to the Debtor as of the date the chapter 11 petition was filed. However, because the Debtor's books and records have been impounded, the list is subject to modification and supplementation after the Debtor regains access to such records.

Schedule 2

List of Holders of 5 Largest Secured Claims

| Name and Address | Description of Collateral | Amount of Claim |
|---|---|---|
| First Republic Bank<br>c/o White & Case LLP<br>1155 Avenue of the Americas<br>New York, New York  10036-2787<br>Attn: Alan Gover, Esq.<br>    Christopher Shore, Esq. | All assets of the Debtor | $26 million |
| Curtis Galleries, Inc.<br>c/o Law Offices of Gregory P. Joseph<br>485 Lexington Avenue<br>New York, NY | Certain objects of art | $7,672,001 |
| Saundra B. Lane<br>c/o Nutter, McClennen & Fish<br>World Trade Center West<br>Boston MA 02210 | Certain objects of art | Unknown |
| Joseph P. Carroll, Ltd.<br>200 E. 66th Street<br>Suite D-1905<br>New York, NY  10021 | Certain objects of art | Unknown |
| Sotheby's, Inc.<br>c/o Lynn & Cahill LLP<br>500 Fifth Avenue, 14th Floor<br>New York NY 10110 | Certain objects of art | $600,000 |

Schedule 3

Pending Litigation

| Opposing Party | Court and Case No. | Plaintiff's Counsel |
|---|---|---|
| Elaine A. Rosenberg | New York State Supreme Court/New York County – Index No. 101485/2007 | Stempel Bennett Claman & Hochberg, P.C. – 675 Third Avenue, New York, N.Y. 10017 |
| Paul Rosenberg | New York State Supreme Court/New York County – Index No. 101486/2007 | Stempel Bennett Claman & Hochberg, P.C. – 675 Third Avenue, New York, N.Y. 10017 |
| Carol F. Cohen | New York State Supreme Court/New York County – Index No. 113340/2007 | Troutman Sanders, LLP 405 Lexington Avenue New York, New York 10174 |
| Renaissance Art | New York State Supreme Court/New York County – Index No. 406611/2007 | Buchanan Ingersoll & Rooney P.C. One Chase Manhattan Pl. – 35th Flr. New York, New York 10005 |
| Triple S Management, LLC | New York State Supreme Court/New York County – Index No. 406611/2007 | Buchanan Ingersoll & Rooney P.C. One Chase Manhattan Pl. – 35th Flr. New York, New York 10005 |
| Old Master Properties, LLC | New York State Supreme Court/New York County – Index No. 406611/2007 | Buchanan Ingersoll & Rooney P.C. One Chase Manhattan Pl. – 35th Flr. New York, New York 10005 |
| John McEnroe | New York State Supreme Court/New York County – Index No. 601599/2007 | Wrobel & Schatz LLP 1040 Ave. of the Americas, 11th Flr. New York, New York 10018 |
| Monty Diamond | New York State Supreme Court/New York County – Index No. 602284/2007 | Lance Grossman, Esq. 233 Broadway – Suite 970 New York, New York 10279 |
| Curtis Galleries, Inc. | New York State Supreme Court/New York County – Index No. 602676/2007 | Law Offices of Gregory P. Joseph 485 Lexington Avenue – 30th Floor New York, New York 10017 |
| Lisette Georges | New York State Supreme Court/New York County – Index No. 603539/2007 | Shtazkin & Mayer, PC 1776 Broadway - 21st Floor New York, New York 10019 |
| Deborah Pearlman | New York State Supreme Court/New York County – Index No. 603540/2007 | Shtazkin & Mayer, PC 1776 Broadway - 21st Floor New York, New York 10019 |
| Sotheby's, Inc. | New York State Supreme Court/New York County – Index No. 603552/2007 | Lynn & Cahill LLP 500 Fifth Avenue, 14th Floor New York, New York 10110 |
| Kraken Investments | New York State Supreme Court/New York County – Index No. 603555/2007 | Faust Oppenheim LLP 488 Madison Avenue – 17th Floor New York, New York 10022 |
| Frelinghuysen Morris | New York State Supreme Court/New York County – Index No. 603563/2007 | Shtazkin & Mayer, PC 1776 Broadway - 21st Floor New York, New York 10019 |
| Utilities & Industries[3] | New York State Supreme Court/New York County – Index No. 111040/2007 | Cullen & Dykman, LLP 177 Montague Street Brooklyn, New York 11201 |

---

[3]      The Defendant in this case is mistakenly identified as Salander-O'Reidldly Galleries

| Opposing Party | Court and Case No. | Plaintiff's Counsel |
|---|---|---|
| Nella Longari S.R.L. | U.S.D.C. Southern District of New York – Case No. 07-cv-08484 (VM) | Wuersch & Gering LLP 100 Wall Street – 21st floor New York, New York 10005 |
| Thomson Works of Art Limited | U.S.D.C. Southern District of New York – Case No. 07-cv-08522 (JSR) | Torys LLP 237 Park Avenue New York, New York 10017 |
| Earl Davis | U.S.D.C. Southern District of New York – Case No. 07-cv-04615 (SHS) | Flemming Zulack Williamson Zauderer, LLP One Liberty Plaza New York, New York 10006 |
| Saundra B. Lane | U.S.D.C. District of Massachusetts – Case No. 06-cv-40178 (FDS) | Nutter, McClennen & Fish, LLP World Trade Center West 155 Seaport Boulevard Boston, MA 02210 |
| Roy Lennox | New York State Supreme Court/New York County – Index No. 602917/2007 | Davis & Gilbert, LLP 1740 Broadway New York, NY 10019 |
| Joseph Sirulnick | New York State Supreme Court/New York County – Index No. 603548/2007 | Tannenbaum Helpern Syracuse & Hirschtritt LLP 900 Third Avenue New York, New York 10022 |

**Exhibit B**

# RESOLUTIONS ADOPTED BY
## THE SOLE MEMBER OF
## SALANDER-O'REILLY GALLERIES LLC
### IN LIEU OF A MEETING

The undersigned, being the sole member of Salander-O'Reilly Galleries LLC, a New York limited liability company (the "Company"), hereby consents to the adoption of the following resolutions taking or authorizing the actions specified:

"RESOLVED, that the filing by the Company of a petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York be, and hereby is, authorized; it is

FURTHER RESOLVED, that the Company be, and it hereby is authorized to execute a petition for relief under Chapter11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York; it is

FURTHER RESOLVED, that the Manager of the Company be, and hereby is, authorized and directed to execute and file as Manager of the Company a petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York; it is

FURTHER RESOLVED, that the Manager of the Company be, and hereby is, authorized and directed, on behalf of the Company, to retain the law firm of Halperin Battaglia Raicht, LLP, as bankruptcy counsel to the Company, to render legal services to, and to represent, the Company in connection with such proceeding and other related matters in connection therewith, on such terms as the Manager or the CRO (as defined herein) shall approve; it is

FURTHER RESOLVED, that Triax Capital Advisors LLC ("Triax") be, and hereby is, retained as the Company's turnaround consultants, and in connection therewith, Joseph E. Sarachek be, and he hereby is, retained to act as the Company's Chief Restructuring Officer (the "CRO") in accordance with a certain engagement agreement, dated as of November 1, 2007 (the "Engagement Agreement"); it is

FURTHER RESOLVED, that CRO shall be vested with the power and authority to conduct, oversee and manage the financial and business affairs as set forth in the Engagement Agreement, the terms of which are hereby ratified and approved by the Company, subject

to approval of the United States Bankruptcy Court for the Southern District of New York; it is

FURTHER RESOLVED, that the Manager of the Company or the CRO be, and each of them hereby is, authorized and directed to take any and all such further action, to retain any other professionals in the chapter 11 bankruptcy case and to execute and deliver any and all such further instruments and documents and to pay all such expenses, in each case as in his, her or their judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein; it is

FURTHER RESOLVED, that to the extent the resolutions adopted herein modifies and/or amends the terms of the Operating Agreement of the Company, such modifications and/or amendments are expressly ratified, confirmed and approved in accordance with Article IV of the Operating Agreement; and it is

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken by the Manager of the Company or the CRO in connection with the reorganization of the Company or any matter related thereto, or by virtue of these resolutions are hereby in all respects ratified, confirmed and approved."

Dated: November 3, 2007

_____
Lawrence B. Salander, Sole Member

**Exhibit C**

# United States Bankruptcy Court
## Southern District of New York

In re    **Salander - O'Reilly Galleries, LLC**

Debtor

Case No.    **07-30005 (CGM)**

Chapter    **11**

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **L. Salander LLC**<br>**22 East 71st Street**<br>**New York, NY 10021** | | | **Sole member** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Manager of the Sole Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    **November 5, 2007**

Signature **/s/ Lawrence B. Salander**
**Lawrence B. Salander**
**Manager of the Sole Member**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C §§ 152 and 3571.

**0**    continuation sheets attached to List of Equity Security Holders

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

**Exhibit D**

## United States Bankruptcy Court
### Southern District of New York

In re   **Salander - O'Reilly Galleries, LLC** _____     Case No   07-30005 (CGM) _____

                                                    Debtor(s)                    Chapter    **11** _____

# VERIFICATION OF CREDITOR MATRIX

I, the Manager of the Sole Member of the limited liability company named as the debtor in this case, hereby verify that the attached list

of creditors is true and correct to the best of my knowledge *

Date:    **November 5, 2007** _____        /s/ Lawrence B. Salander _____

                                                   **Lawrence B. Salander/Manager of Sole Member**
                                                   Signer/Title

*    The attached list of creditors was prepared from the best available information known to the Debtor as of the date the
chapter 11 petition was filed.  However, because the Debtor's books and records have been impounded, the list is subject
to modification and supplementation after the Debtor regains access to such records.

ANDRE EMMERICH
30 E. 72ND STREET
NEW YORK, NY 10021

BABCOCK GALLERY
724 FIFTH AVENUE
NEW YORK, NY 10019

BETH SMITH
C/O SHATZKIN & MAYER PC
1776 BROADWAY, 21ST FLOOR
NEW YORK, NY 10019

CAROL F. COHEN
TWO SWANS FARM
13900 53RD ROAD SOUTH
WELLINGTON, FL 33499

CIT COMM. FINANCE CORP.
1 CIT DRIVE
LIVINGSTON, NJ 07039

CITIBANK, N.A.
153 E. 53RD ST.
NEW YORK, NY 10043

CITICORP USA, INC.
153 E. 53RD STREET
NEW YORK, NY 10043

CLARION CAPITAL PARTNERS, LLC
110 E. 59TH STREET
SUITE 2100
NEW YORK, NY 10022

CURTIS GALLERIES, INC.
C/O GREGORY P. JOSEPH, ESQ.
485 LEXINGTON AVE., 30TH FL.
NEW YORK, NY 10017

CURTIS SQUARE INC.
C/O GREGORY P. JOSEPH, ESQ.
485 LEXINGTON AVE., 30TH FL
NEW YORK, NY 10017

DEBORAH PEARLMAN
C/O SHTAZKIN & MAYER, PC
1776 BROADWAY - 21ST FLOOR
NEW YORK, NY 10019


DOUGALL ARTS LTD.
20-22 BEDFORD ROW
LONDON, ENGLAND WC1R 4JS


EARL DAVIS
C/O FLEMMING ZULACK ET AL.
ONE LIBERTY PLAZA
NEW YORK, NY 10006


ELAINE A. ROSENBERG
C/O STEMPEL BENNETT ET AL.
675 THIRD AVENUE
NEW YORK, NY 10017


ELLYN SHANDER
C/O SHATZKIN & MAYER PC
1776 BROADWAY, 21ST FLOOR
NEW YORK, NY 10019


F.R. HOLDINGS, INC.
10 COBHAM
ORCHARD PARK, NY 10002


FIRST REPUBLIC BANK C/O
WHITE & CASE LLP, A GOLDENBERG
1155 AVENUE OF THE AMERICAS
NEW YORK, NY 10036


FULTONLANDING, INC.
55 WASHINGTON STREET
SUITR 810
BROOKLYN, NY 11201-1036


GIROGIO CAVALLON FAMILY LP
C/O JOHN COEGEL, ESQ.
161 AVE OF AMERICAS
NEW YORK, NY 10013

IVAN & LISA KAUFMAN FAMILY TRS
C/O MELTZER LIPPE GOLDSTEIN
190 WILLIS AVENUE
MINEOLA, NY 11501


IVAN KAUFMAN
C/O MELTZER LIPPE GOLDSTEIN &
190 WILLIS AVENUE
MINEOLA, NY 11501


JOHN MCENROE
C/O WROBEL & SCHATZ LLP
1040 AVE OF AMERICAS - 11TH FL
NEW YORK, NY 10018


JOSEPH MARTELLO
C/O MELTZER LIPPE GOLDSTEIN
190 WILLIS AVENUE
MINEOLA, NY 11501


JOSEPH P. CARROLL LTD.
200 E. 66TH STREET
NEW YORK, NY 10021


JOSEPH SIRULNICK
C/O VINCENT SYRACUSE, ESQ.
900 THIRD AVENUE
NEW YORK, NY 10022


JULIE SALANDER
482 DEEP HOLLOW ROAD
MILLBROOK, NY 12545


KRAKEN INVESTMENTS
C/O FAUST OPPENHEIM LLP
488 MADISON AVE. - 17TH FL
NEW YORK, NY 10022


LAWRENCE SALANDER
482 DEEP HOLLOW ROAD
MILLBROOK, NY 12545


LAWRENCE SUNDEN
C/O SILVERMAN PERLSTEIN ET AL.
100 JERICHO QUADRANGLE
JERICHO, NY 11753

LISETTE GEORGES
C/O SHTAZKIN & MAYER, PC
1776 BROADWAY - 21ST FLOOR
NEW YORK, NY 10019

LISETTE GEORGES DEETON
C/O SHTAZKIN & MAYER, PC
1776 BROADWAY - 21ST FLOOR
NEW YORK, NY 10019

MARSH & MCLENNAN COMPANIES
1166 AVENUE OF THE AMERICAS
NEW YORK, NY 10036

MAURICE KATZ
315 NORTH MCCADDEN PLACE
LOS ANGELES, CA 90004

MIRIAM GROSS
54 WHITE STREET
NEW YORK, NY 10013

MONTY DIAMOND
C/O LANCE GROSSMAN, ESQ.
233 BROADWAY - SUITE 970
NEW YORK, NY 10279

NELLA LONGARI S.R.L.
C/O WUERSCH & GERING LLP
100 WALL STREET - 21ST FLOOR
NEW YORK, NY 10005

NORTECH SYSTEMS INC.
1120 WAYZATA BLVD. EAST
SUITE 201
WAYZATA, MN 55391

NORTH SHORE RISK MANAGEMENT
33 POWERHOUSE ROAD
ROSLYN HEIGHTS, NY 11577

NYS DEPT OF TAXATION & FINANCE
BANKRUTPCY SECTION
P.O. BOX 5300
ALBANY, NY 12205

OLD MASTER PROPERTIES LLC
C/O BARRY SLOTNICK ESQ.
1 CHASE MANHATTAN PL. 35TH FL.
NEW YORK, NY 10005

OLD MASTER PROPERTIES, LLC
C/O BUCHANAN INGERSOLL ET AL.
1 CHASE MANHATTAN PLAZA- 35 FL
NEW YORK, NY 10005

OWINGS DEWEY GALLERY
76 EAST SAN FRANCISCO STREET
SANTA FE, NM 87501

PAUL ROSENBERG & CO.
C/O STEMPEL BENNETT ET AL.
675 THIRD AVENUE
NEW YORK, NY 10017

PAYCHEX INC
911 PANORAMA TRL S
ROCHESTER, NY 14625

PETERS GALLERY OF NEW YORK
24 E. 78TH STREET
NEW YORK, NY 10021

R. EDWARD TOWNSEND, JR.
ESTATE OF ALEXANDER RAYDON
489 FIFTH AVENUE, 19TH FLOOR
NEW YORK, NY 10017

REGIS CORPORATION
7201 METRO BLVD.
MINNEAPOLIS, MN 55439

RENAISSANCE ART INVESTORS, LLC
C/O BUCHANAN INGERSOLL ET AL.
1 CHASE MANHATTAN PL- 35TH FL
NEW YORK, NY 10005

RFR REALTY
400 PARK AVENUE
NEW YORK, NY 10022

RICHARD ELLENBERG
1714 UPPER CANYON ROAD
SANTA FE, NM 87501


ROY LENNOX
C/O DAVIS & GILBERT LLP
1740 BROADWAY, ATTN. H. RUBIN
NEW YORK, NY 10019


S.R.L. BENUCCI
153 VIA DEL BABUINO N. 150-153
ROME, ITA 00187


SAUNDRA B. LANE
C/O NUTTER, MCCLENNEN & FISH
WORLD TRADE CENTER WEST
BOSTON, MA 02210


SOTHEBY'S
C/O LYNN & CAHILL LLP
500 FIFTH AVENUE, 14TH FLOOR
NEW YORK, NY 10110


STANLEY MOSS & COMPANY
5247 INDEPENDENCE AVENUE
BRONX, NY 10471


STUART PIVAR
15 W. 67TH STREET
NEW YORK, NY 10023


T. KINNEY FRELINGHUYSEN
C/O SHATZKIN & MAYER PC
1776 BROADWAY, 21ST FLOOR
NEW YORK, NY 10019


THOMSON WORKS OF ART LTD.
C/O TORYS LLP
237 PARK AVENUE
NEW YORK, NY 10017


TNB FINANCIAL
C/O MART FINANCIAL GROUP
1410 NORTH MEACHAM ROAD
SCHAUMBURG, IL 60173

```
TOM PIPUMA LLC
490 PARK AVENUE
NEW YORK, NY 10022


TRIPLE S MANAGEMENT, LLC
C/O BUCHANAN INGERSOLL ET AL.
1 CHAW MANHATTAN PLAZA, 35 FL
NEW YORK, NY 10005


TROUTMAN SANDERS, LLP
405 LEXINGTON AVENUE
NEW YORK, NY 10174


URSUS BOOKS AND PRINTS
132 W. 21ST STREET
NEW YORK, NY 10011


UTILITIES & INDUSTRIES MGMT
C/O CULLEN & DYKMAN, LLP
177 MONTAGUE STREET
BROOKLYN, NY 11201


VANCE JORDAN FINE ART
C/O MOTT
369 LEXINGTON AVENUE
NEW YORK, NY 10017


WAH HOLDINGS, LLC
C/O STOUT THOMAS & JOHNSON
477 MADISON AVENUE, 15TH FL.
NEW YORK, NY 10022
```

Exhibit E

**Exhibit E**

# United States Bankruptcy Court
## Southern District of New York

In re   Salander - O'Reilly Galleries, LLC _____   Case No   07-30005 (CGM) _____

_____ Debtor(s)   Chapter   11 _____

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   Salander - O'Reilly Galleries, LLC   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

L. Salander LLC
22 East 71st Street
New York, NY 10021 _____

☐ None [*Check if applicable*]

November 9, 2007 _____          /s/ Alan D. Halperin _____

Date          Alan D. Halperin

          Signature of Attorney or Litigant
          Counsel for   Salander - O'Reilly Galleries, LLC _____

          Halperin Battaglia Raicht, LLP
          555 Madison Avenue
          9th Floor
          New York, NY 10022
          (212) 765-9100 Fax:(212) 765-0964