William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York  10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL RESIKA, MICHAEL STEINER, GIORGIO
CAVALLON FAMILY LIMITED PARTNERSHIP,
DOLORES T. HILDING, GEORGE MCNEIL
CHARITABLE TRUST, and HELEN MCNEIL,

ECF
07 Civ. 9668 (SHS)

                                        Plaintiffs,

                    - against -

BENUCCI S.r.l.,

                                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


**DEFENDANT BENUCCI'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' FRAUDULENT CONVEYANCE CLAIMS**


Dated: New York, New York
        March 28, 2008



                    LAW OFFICE OF WILLIAM COUDERT RAND

                    William Coudert Rand, Esq.
                    711 Third Avenue, Suite 1505
                    New York, New York 10017
                    Tel: (212) 286-1425
                    Attorney for Defendant Benucci S.R.L.

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT………………………...……………………… 1

I.    THE PURPOSE OF RULE 9(B) IS TO PROTECT DEFENDANT
      BENUCCI'S REPUTATION FROM UNFOUNDED CLAIMS………………...2

II.   THE FACTS ALLEGED IN THE COMPLAINT DO NOT CREATE AN
      INFERENCE OF FRAUD……………………………………………………..3

      A.  Benucci's Settlement With Salander Was A Typical, Arms Length, Fair
          Settlement Negotiated with the Assistance of Counsel…………………...2

      B.  The Complaint Fails to Allege Facts Demonstrating that Benucci Knew
          that Salander Was Insolvent………………………………………………6

      C.  The Complaint Fails to Allege Facts Demonstrating that Benucci Knew
          that Salander Did Not Have the Right to Sell The Artworks……………..6

III.  THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE FACTS
      ALLEGED IN THE COMPLAINT ARE PLED ON INFORMATION AND
      BELIEF AND THEREFORE ARE INSUFFICIENT UNDER RULE 9(b)……..6

CONCLUSION…………………………………………………………………..7

TABLE OF AUTHORITIES

CASES                                                                      Page

*Divittorio v. Equidyne Extractive Indus. Inc.*,
        822 F.2d 1242, 1247 (2d Cir. 1987)……………………………………..…2

*Harsco Corporation v. Segui*,
        91 F.3d 337, 348 (2d Cir. 1996)……………………………………………...2

*Spanierman v. Gallery, PSP v. Love*,
        320 F. Supp. 2d 108 (S.D.N.Y. 2004)………………………………………...4

*Securities Investor Protection Corporation v. Stratton Oakmont, Inc.*,
        234 B.R. 293, 312 (S.D.N.Y. 1999)………………………………………..4

*Atlanta Shipping Corp., Inc. v. Chemical Bank*,
        631 F. Supp. 335, 348 (S.D..N.Y. 1986),
        *aff'd*, 818 F. 2d 240 (2d Cir. 1987)………………………………………..7

STATUTES

Fed. R. Civ. P. Rule 9(b)…………………………………………………… *passim*

Section 276 of the New York Debtor Creditor Law (fraudulent conveyance) .. *passim*

## PRELIMINARY STATEMENT

Defendant Benucci S.R.L. ("Benucci"), by its attorneys, submits this reply memorandum of law in support of its motion to dismiss Plaintiffs' claims of fraudulent conveyance under Section 276 of the New York Debtor Creditor Law on the grounds that the claims fail to state a claim with the requisite particularity under Federal Rules of Civil Procedure 12(b)(6) and 9(b).

Defendant Benucci sold artworks to Salander O'Reilly Galleries ("Salander") for which Benucci was not paid. Benucci then sued Salander in Italy to recover the $4,901,100 which Benucci was owed. Benucci then hired Proskauer Rose LLP and negotiated a fair, arms length settlement of its $4,901,100 claim (the "Settlement"). The Settlement involved, *inter alia*, the transfer of artworks ("Artworks") by Salander to Benucci. The Settlement was a typical and fair settlement which constituted an exchange of fair value.

More than ninety days after the Settlement, a creditor of Salander filed an involuntary Bankruptcy petition on behalf of Salander. Accordingly, the transfer by Salander under the Settlement is not a preference under the Federal Bankruptcy law and is not required to be transferred back into the Bankruptcy estate.

Plaintiffs, frustrated by the failure of preference law, are now trying to unwind the transaction by making unfounded and conclusory claims that the Settlement constitutes a fraudulent conveyance. Plaintiffs' fraudulent conveyance claims fail because Plaintiffs have pled no facts demonstrating that the Settlement was not an exchange of fair value and no facts demonstrating that Benucci knew that Salander was insolvent, and intended to hinder, delay, or defraud Salander's creditors. Accordingly, Plaintiffs' fraudulent

conveyance claims should be dismissed under the heightened pleading standards of Rule 9(b), which is designed to protect the reputation and good will of defendants from unfounded general and conclusory claims.

## I.     THE PURPOSE OF RULE 9(B) IS TO PROTECT DEFENDANT BENUCCI'S REPUTATION FROM UNFOUNDED CLAIMS

The Second Circuit has made clear that the heightened pleading standard of Rule 9(b) is designed to protect the reputation of defendants.  The Second Circuit has stated:

> Rule 9(b) is designed to further three goals: (1) providing a defendant fair notice of plaintiff's claim; (2) protecting a defendant from harm to reputation or goodwill; and (3) reducing the number of strike suits.

*Divittorio v. Equidyne Extractive Indus. Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).  *See also Harsco Corporation v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996).

In the instant case, the complaint is making serious accusations of fraud which directly harm Benucci's reputation and goodwill.  Under Rule 9(b), these accusations should not be permitted unless the complaint demonstrates a clear inference of fraud. Rule 9(b)'s protection of a defendant's reputation and good will is especially important for defendants in the art industry where business relies on reputation and artworks are often bought and sold on a handshake.  Accordingly, Plaintiffs' unfounded and conclusory allegations of fraud are not sufficient under Rule 9(b) and should be dismissed to protect Benucci's reputation and good will.

## II.    THE FACTS ALLEGED IN THE COMPLAINT DO NOT CREATE AN INFERENCE OF FRAUD

### A.  Benucci's Settlement With Salander Was A Typical, Arms Length, Fair Settlement Negotiated with the Assistance of Counsel

The Complaint's allegations demonstrate that the Settlement was a typical, arms length transaction resulting in a fair exchange of value.  The Complaint merely alleges

that Benucci sold paintings to Salander for which Salander did not pay.  The Complaint then alleges that Benucci pursued his claims for the unpaid $4,901,100 in Italian Court and then settled his claims by a settlement agreement under which, *inter alia*, Benucci provided Salander with a release of Benucci's $4,901,100 claim, and in exchange Salander transferred certain artworks in its possession to Benucci.  Benucci was represented by the respected firm of Proskauer Rose LLP, who ensured that the Settlement contained a specific representation by Salander that it had good and clear title to the artworks transferred under the Agreement.

It was a standard settlement agreement.  Although Plaintiffs argue that there is an inference that the Settlement was fraudulent because it was kept "secret" and performed "in haste" (Plaintiffs' Brief at p. 12), this inference is misplaced because the Settlement Agreement did not contain a confidentiality provision and Benucci has made no effort to keep the agreement secret.  Rather, Benucci promptly filed the Settlement Agreement with the Bankruptcy Court thereby making it available to the public.  Moreover, most private settlements are kept confidential and there was no reason for this settlement to be publicly announced as neither Salander nor Benucci are public companies.  Furthermore, regarding the timing of the Settlement, it does not seem unexpected or unusual that a settlement would be executed soon after the entry of the order of attachment by the Italian court.

Plaintiffs also unsuccessfully argue that Benucci's alleged sale of the artworks it received as a result of the Settlement demonstrate that the Settlement was fraudulent.  (Plaintiff's Brief at 10).  The alleged sales do not create an inference of fraud but rather merely create an inference that Benucci either needed cash or that Benucci was not

bullish on the art market and desired to lower his inventory.  Since his original sale of artworks to Salander was for cash, it makes sense that when he recovered artworks from Salander, he would liquidate them to get cash.  The sales of these artworks do not create any inference of fraud.

Although Plaintiffs contend that Benucci knew that Salander did not have the right to sell the Artworks, he alleges no specific facts demonstrating that Benucci had such knowledge and has not even alleged the existence of any written consignment agreements between Salander and Plaintiffs indicating that Salander did not have the right to sell the artworks.  Furthermore, Salander directly represented in the Settlement Agreement that he had the right to transfer title to the Artworks.  Generally, a gallery has the right to sell or reconsign the artworks that are consigned to it, so the settlement transaction was not an unusual transaction.

Furthermore, the complaint makes no allegations of fact indicating that the settlement did not constitute an exchange of fair value.  Rather, the Settlement was a fair, arms length settlement in which fair value was paid to Benucci in exchange for its full release of its claims. *See* Section II (B) of Benucci's Moving Brief.

Plaintiffs speciously make the argument that the only benefit "conferred to Salander was possession of the Matisse painting which Salander already owned." (Plaintiffs' Brief at p.13).  Plaintiffs go on to make the conclusory and speculative argument that the cancellation and release of the $4,901,100 debt did not constitute value because Salander was insolvent and knew that Benucci's claim would become a worthless proof of claim in bankruptcy.  (Plaintiff's Brief at 13).  These conclusory arguments are pure speculation as Salander was not forced into involuntary bankruptcy

4

until more than 90 days after the execution of the Settlement Agreement, and the value of Salander's bankruptcy estate and the claims against it have yet to be determined. The Complaint alleges no facts demonstrating that the Settlement was fraudulent. Rather the facts alleged indicate that the Settlement was drafted by a respected and large New York law firm, Proskauer Rose LLP, and was negotiated after an Italian law suit had already been commenced. These facts create an inference that the Settlement was an arms length, good faith settlement for fair value.

Plaintiffs' reliance on *Spanierman v. Gallery, PSP v. Love*, 320 F. Supp. 2d 108 (S.D.N.Y. 2004) is misplaced as the complaint in that case alleged that the plaintiff sold art to Defendants who resold the art prior to fully paying the plaintiff for the art. (the claims would be similar to claims by the instant Plaintiffs against Salander for improperly selling the Artworks). The fraud in the *Spanierman* case was clear on its face. In *Spanierman*, the complaint did not allege any claims against the entities who purchased the art from the defendants, who would be analogous to Defendant Benucci. Accordingly, the *Spanierman* case is inapposite.

Plaintiffs' reliance on *Securities Investor Protection Corporation v. Stratton Oakmont, Inc.*, 234 B.R. 293, 312 (S.D.N.Y. 1999) is also improper because it involved a transaction lacking fair consideration which was alleged to constitute self dealing. It also held that a lower Rule 9(b) standard applied to claims brought by a Bankruptcy Trustee due to the Trustee's lack of personal knowledge. *Id.*

Plaintiffs' true complaint is that the Settlement constituted a preference, but since the Settlement occurred more than 90 days prior to the filing of Salander's bankruptcy petition, the preference law of bankruptcy does not apply to protect Plaintiffs. Plaintiffs

should not now be able to plead a preference action merely by re-characterizing it as a fraudulent conveyance action.

### B. The Complaint Fails to Allege Facts Demonstrating that Benucci Knew that Salander Was Insolvent

The Complaint does not make any allegations of fact demonstrating that Benucci knew that Salander was insolvent. It merely makes a conclusory, speculative allegation. Paragraphs 54 of the complaint states:

> . . .[B]eing aware of . . . Salander's apparently impaired financial condition, Defendant would have been aware that Salander was attempting a fraudulent transfer in which no real consideration was paid to Salander for the benefit of the rightful owners.

Paragraph 54 is conclusory and merely alleges an "apparent impaired financial condition." This allegation is not sufficient under Rule 9(b).

### C. The Complaint Fails to Allege Facts Demonstrating that Benucci Knew that Salander Did Not Have the Right to Sell The Artworks

The complaint makes merely conclusory allegations that Benucci knew that the Artworks were not owned by Salander. The Complaint alleges only "upon information and belief" the additional conclusory allegation that Benucci made no effort to determine the ownership of the Subject Artworks (Complaint Paragraphs 27, 30). These allegations are speculative and conclusory and thus are not sufficient to meet the particularity requirements of Rule 9(b).

## III. THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE FACTS ALLEGED IN THE COMPLAINT ARE PLED ON INFORMATION AND BELIEF AND THEREFORE ARE INSUFFICIENT UNDER RULE 9(b).

Here, the Complaint makes numerous allegations "on information and belief" which cause the pleading to fail under the heightened standard of Rule 9(b). *See*

Defendant's Moving Brief at Section II (D). The Complaint pleads critical facts "upon information and belief" such as (a) the allegation that Benucci knew that the Subject Artworks were consigned to Salander (Complaint Paragraph 23), (b) the allegation that Benucci made no effort to determine the ownership of the Subject Artworks (Complaint Paragraphs 27, 30), and (c) the allegation that Benucci with the assistance of its counsel, Proskauer Rose LLP, colluded with Salander to deprive Plaintiffs of their artworks. (Complaint Paragraph 33).

The law is clear that a fraud complaint which impugns the reputation and good will of the Defendant cannot be pled upon information and belief. Accordingly, the Court should dismiss the fraudulent conveyance claim because it is based on pleadings made "upon information and belief." *Atlanta Shipping Corp., Inc. v. Chemical Bank*, 631 F. Supp. 335, 348 (S.D..N.Y. 1986), *aff'd*, 818 F. 2d 240, 251 (2d Cir. 1987) (citing *Segal v. Gordan*, 467 F.2d 602, 608 (2d Cir. 1972)).


**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that its motion to dismiss be granted.

Dated:  New York, New York
        March 28, 2008

                                    LAW OFFICE OF WILLIAM COUDERT RAND

                                    s/William C. Rand
                                    _____
                                    William Coudert Rand, Esq.
                                    711 Third Avenue, Suite 1505
                                    New York, New York 10017
                                    Tel: (212) 286-1425
                                    Attorney for Defendant Benucci S.R.L.